IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 8, 2016

**LOICE E. PITTMAN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Coffee County**
**No. 42,191     L. Craig Johnson, Judge**

---

**No. M2015-02105-CCA-R3-PC – Filed March 31, 2016**

---

The Petitioner, Loice E. Pittman, appeals as of right from the Coffee County Circuit Court's summary dismissal of his petition for post-conviction relief. The Petitioner contends that the post-conviction court erred by summarily dismissing his petition for having been untimely filed. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and CAMILLE R. MCMULLEN, J., joined.

Loice E. Pittman, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Charles Craig Northcott, District Attorney General; and Jeffrey D. Ridner, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In July 2003, the Petitioner pled guilty to two counts of rape of a child and received a total effective sentence of fifteen years. On July 13, 2015, the Petitioner filed the instant petition for post-conviction relief, alleging that his guilty pleas were involuntarily and unknowingly entered into, that trial counsel was ineffective, that evidence gained from an unconstitutional search was used against him, that the State failed to disclose exculpatory evidence, and that there was newly discovered evidence. In explaining why the petition was filed after the one-year statute of limitations had expired, the Petitioner stated that he had only "recently learned that [he] could file" a petition for post-conviction relief.

The State subsequently filed a motion to dismiss the petition for being untimely filed. The Petitioner responded to the motion to dismiss with a "motion for [extension] of time" stating that he needed more time to respond to the State's motion because he did not "understand all of the allegations presented by the State." On September 22, 2015, the post-conviction court entered an order summarily dismissing the petition for having been untimely filed. The Petitioner filed a timely notice of appeal and argues on appeal that the post-conviction court erred by summarily dismissing the petition without responding to his "motion for [extension] of time."

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final . . . ." Tenn. Code Ann. § 40-30-102(a). Here, it is undisputed that the Petitioner filed his petition well outside the one-year statute of limitations.

"[T]he right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period." Tenn. Code Ann. § 40-30-102(a). "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition." Tenn. Code Ann. § 40-30-106(b). The Post-Conviction Procedure Act is explicit that the one-year statute of limitations "shall not be tolled for any reasons, including any tolling or saving provision otherwise available at law or equity." Tenn. Code Ann. § 40-30-102(a).

The Post-Conviction Procedure Act provides for only three narrow factual circumstances in which the statute of limitations may be tolled, none of which the Petitioner alleges apply to his case. See Tenn. Code Ann. § 40-30-102(b). In addition to the statutory circumstances, our supreme court has held that due process principles may require tolling the statute of limitations. See Whitehead v. State, 402 S.W.3d 615, 622-23 (Tenn. 2013). The Petitioner likewise does not claim that the statute of limitations should be tolled on due process grounds.

The only explanation the Petitioner offers for the untimeliness of his petition is that he was unaware, until recently, of his right to file for post-conviction relief. However, this court has repeatedly held that a petitioner's ignorance of post-conviction procedures and "mere lack of knowledge that a claim exits" will not toll the statute of limitations. Joshua Jacobs v. State, No. M2009-02265-CCA-R3-PC, 2010 WL 3582493, at *3 (Tenn. Crim. App. Sept. 15, 2010).

With respect to the Petitioner's argument that the post-conviction court erred by summarily dismissing the petition without responding to his "motion for [extension] of time" to respond to the State's motion to dismiss, we note that the post-conviction court was required to dismiss the petition upon determining that the petition was untimely filed. See Tenn. Code Ann. § 40-30-106(b). As such, the post-conviction court did not err in failing to respond to the Petitioner's motion. Accordingly, we affirm the post-conviction court's summary dismissal of the petition.

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE